UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

        Plaintiff,

                              CASE NO. 2:18-CV-10585
v.                              HONORABLE ARTHUR J. TARNOW

BENNY NAPOLEON, et al.,

        Defendants.
                                    /

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS
COMPLAINT, AND DENYING MOTIONS TO DISMISS, TO QUASH
AND FOR ENTRY OF JUDGMENT**

**I. INTRODUCTION**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan pre-trial detainee Duane Letroy Berry ("Plaintiff"), currently confined at the Midland County Jail, asserts that he was illegally removed from federal custody and placed into state custody to face state criminal charges in 2017. Plaintiff names Wayne County Sheriff Benny Napoleon, Wayne County Circuit Court Judge Dana Hathaway, and Wayne County District Court Judges Sean Kavanagh and Lydia Adams as the defendants in this action. Plaintiff does not indicate the capacity in which he is suing the defendants, but he seeks monetary damages, as well as declaratory and injunctive relief. Plaintiff paid the filing and administrative fees for this case.

Plaintiff is being held as a pretrial detainee in *People v. Berry*, Wayne Co. Cir. Ct. No. 17-005237-01-FH, in which he is charged with malicious destruction of a building in violation of Mich. Comp. Laws § 750.3803. Prior to his current incarceration, Plaintiff was in federal custody pending competency proceedings in *United States v. Berry*, E.D. Mich. No. 2:15-CR-20743, in which he is charged with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). On August 25, 2016, the federal district court conducted a competency hearing and found Petitioner incompetent to stand trial in his federal criminal case. On August 30, 2016, the court ordered his civil commitment and hospitalization. *United States v. Berry*, E.D. Mich. No. 2:15-CR-20743. On June 1, 2017, the court conducted a second competency hearing to determine whether Petitioner's competency could be restored with medication and took the matter under advisement. On August 31, 2017, the court ordered the administration of medication with certain conditions. *Id*. The federal case remains pending.

In the midst of his ongoing federal proceedings, on or about April 28, 2017, Petitioner was transferred to state custody pursuant to a detainer.[1] After a preliminary examination, Petitioner was bound over for trial. On July 19, 2017, the state trial court

---

[1]This Court takes judicial notice of the information provided by a search of the Wayne Circuit Court website, https://cmspublic.3rdcc.org. *See Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003) (citing 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5106).

ordered that Petitioner be evaluated to determine his competency for trial and for criminal responsibility. The state court conducted a competency hearing on January 25, 2018 and set review dates for April 26, 2018, then May 31, 2018, and now August 31, 2018. *People v. Berry*, Wayne Co. Cir. Ct. No. 17-005237-01-FH.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion

3

of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to summary dismissal.

### A. Subject Matter Jurisdiction

In his pleadings, Plaintiff challenges the validity of the state court decisions requiring him to appear in state court and face state criminal charges. The Court, however, lacks the authority to review any such claims under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of*

4

*App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "In determining the applicability of the *Rooker-Feldman* doctrine, federal courts . . . must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal

suit is filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's challenges to the state court rulings requiring him to appear in state court and face criminal charges pursuant to the *Rooker-Feldman* doctrine. Plaintiff challenges the application of state court rules to his case, asserting that the state court orders are procedurally and/or constitutionally unsound and essentially asking the Court to overrule or vacate them. That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*. The complained of-injuries are directly and solely traceable to the state court rulings. In other words, Plaintiff is turning to federal court to undo the state court orders, *Exxon Mobil*, 544 U.S. at 293, and his claims are based upon the premise that the state court decisions are invalid. The Court lacks subject matter jurisdiction over any such claims based upon the *Rooker-Feldman* doctrine.

B.     **Failure to State a Claim**

Additionally and/or alternatively, Plaintiff's complaint is also subject to dismissal for failure to state a claim upon which relief may be granted. In his pleadings, Plaintiff alleges a violation of his rights under 42 U.S.C. § 1983. It is well-established, however, that § 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *See, e.g., Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Thus, to the extent that Plaintiff asserts a substantive violation under § 1983, he fails to state a claim upon which relief may be granted in his complaint.

Plaintiff asserts four counts in his complaint – alleging violations of 18 U.S.C. § 3231, 28 U.S.C. § 1331, 18 U.S.C. § 241, and 18 U.S.C. § 1201. Such statutes, however, do not provide a cause of action which would entitle him to relief under § 1983 in federal court. 18 U.S.C. § 3231 and 28 U.S.C. § 1331 are federal jurisdictional statutes which do not provide independent bases for relief under § 1983. *See, e.g., Drake v. Miller*, No. 3:08 CV 552, 2009 WL 1534673, *2 (W.D. Ky. May 29, 2009) ("28 U.S.C. §§ 1331, 1343, and 1361 are statutes which confer jurisdiction and are not independent causes of action."). 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 1201 (kidnaping) are federal criminal statutes which do not create private rights of action. Plaintiff does not have standing to file a criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond*

*v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id*. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 in his complaint.

**C.     Immunity**

Plaintiff's claims against the defendants also subject to dismissal on the basis of immunity. First, defendants Hathaway, Kavanagh, and Adams are state court judges who are entitled to sovereign immunity on Plaintiff's claims for damages against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March

16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (Dec. 6, 2010). Eleventh Amendment immunity applies to state employees, *i.e.*, the defendant judges, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Defendants Hathaway, Kavanagh, and Adams are entitled to Eleventh Amendment immunity.

Second, those judicial defendants are also entitled to absolute judicial immunity on claims brought against them in their individual capacities. Judges are entitled to absolute judicial immunity from suit on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11. A judge performing judicial functions is absolutely immune from suit even if acting erroneously, corruptly or in excess of jurisdiction. *Id*. at 12–13. Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Id*. at 12. Plaintiff alleges no such facts or valid legal argument. To the contrary, his claims concern judicial actions and Michigan law provides authority for judges to issue state habeas writs in order to bring a person confined within the State before the court for

prosecution. *See, e.g.,* Const. 1963, art. 6, § 13; Mich. Comp. Laws § 600.4301 *et seq.*; Mich. Ct. R. 3.303.

Moreover, the 1996 amendments to § 1983 extended absolute immunity for judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's challenges to his state court proceedings involve the performance of judicial duties. Defendants Hathaway, Kavanagh, and Adams are absolutely immune from suit for such conduct and Plaintiff's claims against them are thus subject to dismissal on immunity grounds.

Similarly, Plaintiff's claims against defendant Napoleon are subject to dismissal on the basis of quasi-judicial immunity. Absolute judicial immunity extends to non-judicial officers who perform "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing cases). Quasi-judicial immunity extends to persons performing tasks so integral or intertwined with the judicial process that they are considered arms of the

judicial officer who is immune from suit. *Id.* The Supreme Court uses a "functional" approach in determining whether a non-judicial officer is entitled to absolute immunity. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 224 (1988); *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Under the functional approach, a court must look to the nature of the function performed and not to the identity of the actor who performed it, in determining whether absolute quasi-judicial immunity applies. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). In this case, defendant Napoleon was carrying out the judges' orders in transporting and/or housing Plaintiff during his state criminal proceedings. As such, he was acting as an arm of the state court and is entitled to quasi-judicial immunity for those actions. *See, e.g., Smeal ex rel. Smeal v. Alexander*, No. 5:06 CV 2109, 2006 WL 3469637, *8 (N.D. Ohio Nov. 30, 2006) (sheriff was entitled to absolute quasi-judicial immunity for transporting and detaining plaintiff pursuant to a court order). Plaintiff's claims against defendant Napoleon are thus also subject to dismissal on immunity grounds.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's claims must be dismissed based upon the *Rooker/Feldman* doctrine in part, for failure to state a claim upon which relief may be granted, and on the basis of immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint. Given this

determination, the Court **DENIES AS MOOT** the defendants' pending motions to dismiss and to quash. The Court also **DENIES AS MOOT** plaintiff's motion for entry of judgment. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

    **IT IS SO ORDERED**.

                      s/Arthur J. Tarnow
                       ARTHUR J. TARNOW
                       SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 3, 2018